# In the United States Court of Federal Claims

No. 21-2004

Filed: October 18, 2021

|  |  |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

**ORDER TO SHOW CAUSE**

On October 7, 2021, plaintiff, proceeding *pro se*, filed a complaint with this Court, alleging, *inter alia*, that government actors breached contractual obligations and abridged his "privileges and/or immunities" by committing "battery/assault/torture/genocide/civil rights violation/conspiracy through a psycho-bio-tech stress weapon." *See generally* Complaint, ECF No. 1. After careful review, the Court does not believe that it has jurisdiction over plaintiff's claims.

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Therefore, plaintiff is **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed pursuant to RCFC 12(h)(3). In responding to this order, plaintiff must identify which source or sources of law he is invoking and explain why this Court has jurisdiction over this case. Plaintiff's response to this order is due on or before **November 15, 2021**. Additionally, defendant's answer is hereby **STAYED** pending the Court's review of plaintiff's forthcoming response.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge